O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER PETERSON,<br><br>　　　　　　　Plaintiff/s,<br><br>　　v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION; and DOES 1-10, inclusive,<br><br>　　　　　　　Defendant/s. | Case No.: 2:22-cv-05485-MEMF-SK<br><br>**ORDER GRANTING SUMMARY JUDGMENT PURSUANT TO RULE 56(f)** |

　　Before the Court are the parties' briefs regarding the Court's notice of intent to grant summary judgment in favor of Plaintiff and partial summary judgment in favor of Defendant pursuant to Federal Rule of Civil Procedure 56(f). ECF Nos. 55, 57. For the reasons stated herein, the Court GRANTS SUMMARY JUDGMENT to Plaintiff Christopher Peterson on his second cause of action for wrongful termination in violation of public policy.

/ / /

/ / /

1

## I. Background

### A. Factual Background

Plaintiff Christopher Peterson ("Peterson") was employed by Defendant National Railroad Passenger Corporation ("Amtrak") as a locomotive engineer. On August 12, 2018, Peterson went to purchase drugs at a train station along his regular route. He brought a gun with him. Peterson purchased methamphetamine and smoked it. An altercation followed, and Peterson shot two men. Peterson was arrested and charged with murder, but later acquitted by a jury.

Amtrak held a hearing and determined that Peterson violated Amtrak policies. At the hearing, an Amtrak employee read Peterson's arrest record into the hearing record and made other references to Peterson's arrest and the charges brought against Peterson, despite the acquittal. Amtrak then terminated Peterson. Peterson appealed his termination through his union, and the reviewing board affirmed the initial decision.

Peterson now argues that Amtrak unlawfully used arrest records as a factor in his termination.

### B. Procedural History

Peterson filed suit in Los Angeles Superior Court on June 27, 2022. ECF No. 1 at 2. Peterson asserts two causes of action: (1) violation of California Labor Code Section 432.7 ("Section 432.7"), and (2) wrongful termination in violation of public policy. *See* ECF No. 1-1 at 51–56 ("Complaint" or "Compl.") ¶¶ 5–17. Amtrak answered on August 3, 2022, and asserted 40 affirmative defenses. *See* ECF No. 1-1 at 5–15 ("Answer"). Amtrak removed to this Court on August 4, 2022. *See id.*

Peterson initially filed a Motion for Summary Judgment on January 12, 2023. ECF No. 20. The Court denied Peterson's first Motion for Summary Judgement without prejudice on January 30, 2023, noting that Peterson had not filed a joint brief as required by the Court's Standing Order. ECF No. 31.

Peterson filed a renewed Motion for Summary Judgment on June 8, 2023. ECF No. 44 ("Motion for Summary Judgment" or "Mot."). In accordance with the requirements in the Court's Standing Order, the Motion was briefed and filed jointly by Peterson and Amtrak. *See id.* Peterson filed a Statement of Uncontroverted Facts and Conclusions of Law and Amtrak filed a Statement of

Additional Facts in Opposition. ECF No. 45 ("SUF"), ECF No. 44-1 ("SAFO"). The parties also filed several declarations and an appendix. ECF Nos. 44-3–44-5, 46–48, 50. Peterson filed Objections to certain evidence cited by Amtrak and Amtrak filed Objections to certain evidence cited by Peterson. ECF No. 49, ECF No. 44-1.

The Court held a hearing on the Motion on August 24, 2023. On September 1, 2023, the Court granted in part Peterson's Motion for Summary Judgment. ECF No. 53. The Court granted summary judgment in favor of Peterson on Peterson's first cause of action for violation of Section 432.7. *See id.* Amtrak had moved for summary judgment in its favor on the second cause of action, while Peterson had only moved for summary judgment in his favor on the first cause of action. *See* Mot. The Court noted that Amtrak's only argument[1] as to the second cause of action was that it should fail alongside the first, and explained that because the Court granted summary judgment to Peterson on the first cause of action, it appeared appropriate to grant summary judgment to Peterson pursuant to Federal Rule of Civil Procedure 56(f) ("Rule 56(f)") on the second cause of action as well. *See* ECF No. 53 at 21. The Court ordered both parties to file responses on the Rule 56(f) issue. *See id.* at 27.

Amtrak filed a statement in response to the Court's Order on September 14, 2023. ECF No. 55 ("Amtrak Statement"). Peterson also filed a statement in response to the Court's Order on September 14, 2023. ECF No. 57 ("Peterson Statement").

**II.    Applicable Law**

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1147 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*,

---

[1] Amtrak also responded to Peterson's fallback arguments on the second cause of action, which Peterson raised to argue that the second cause of action should not fail even if the first cause of action failed. *See* Mot. at 46–48. Because Peterson prevailed on the first cause of action, these fallback arguments and Amtrak's attempts to rebut them are largely irrelevant. *See* ECF No. 53 at 21.

477 U.S. 242, 248 (1986)). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

A court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992). "A moving party without the ultimate burden of persuasion at trial—usually, but not always, a defendant—has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). To carry its burden of production, the moving party must either: (1) produce evidence negating an essential element of the nonmoving party's claim or defense; or (2) show that there is an absence of evidence to support the nonmoving party's case. *Id.*

Where a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial. *Id.* at 1102–03. In such cases, the nonmoving party may defeat the motion for summary judgment without producing anything. *Id.* at 1103. However, if a moving party carries its burden of production, the burden shifts to the nonmoving party to produce evidence showing a genuine dispute of material fact for trial. *Anderson*, 477 U.S. at 248–49. Under these circumstances, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is no genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the motion for summary judgment shall be granted. *Id.* at 322 ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

A party cannot create a genuine issue of material fact simply by making assertions in its legal papers. *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982). Rather, there must be specific, admissible evidence identifying the basis for

the dispute. *See id.* "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2). The Court need not "comb the record" looking for other evidence; it is only required to consider evidence set forth in the moving and opposing papers and the portions of the record cited therein. *Id.* 56(c)(3); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001). The Supreme Court has held that "[t]he mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing party]." *Anderson*, 477 U.S. at 252.   To carry its ultimate burden of persuasion on the motion, the moving party must demonstrate that there is no genuine issue of material fact for trial. *Nissan Fire*, 210 F.3d at 1102; *Celotex Corp.*, 477 U.S. at 323.

Where parties file cross motions for summary judgment on the same issue, the court must consider both motions and all evidence submitted by both parties. *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). "[E]ach motion must be considered on its own merits." *Id.* Even if both parties assert that no genuine disputes of material fact exist, the court must still review the record and determine that there are no disputes of material fact before granting summary judgment to either party. *See id.*

Under Federal Rule of Civil Procedure 56(f), a district court may sua sponte grant summary judgment if the parties have "notice and a reasonable time to respond." Fed. R. Civ. P. 56(f); *KST Data, Inc. v. DXC Technology Company*, 980 F.3d 709, 714 (9th Cir. 2020). Specifically, the court may "(1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f). "Sua sponte grants of summary judgment are only appropriate if the losing party has 'reasonable notice that the sufficiency of his or her claim will be in issue.' " *Greene v. Solano Cnty. Jail*, 513 F.3d 982, 990 (9th Cir. 2008) (quoting *Buckingham v. United States*, 998 F.2d 735, 742 (9th Cir. 1993)).

/ / /

/ / /

### III. Findings of Fact

The Court made detailed findings of fact in its Order on the Motion for Summary Judgment. *See* ECF No. 53 at 4–9. The Court will not repeat those findings here. No further findings of fact are necessary for this Order, and neither party requested any further findings of fact.

### IV. Discussion.

The Court notified the parties of its intent to grant summary judgment to Peterson on the second cause of action for wrongful termination in violation of public policy, in light of the Court Order granting summary judgment to Peterson on the first cause of action for violations of Section 432.7. *See* ECF No. 53.

Amtrak responded by arguing that where a statutory right has limited remedies, these limits may prevent the statutory right from being the basis of a claim for wrongful termination in violation of public policy. *See* Amtrak Statement at 1 (citing *Dutra v. Mercy Med. Ctr. Mt. Shasta*, 209 Cal. App. 4th 750, 756 (2012)). Amtrak argues that Section 432.7 only allows employees to recover actual damages, rather than costs and attorneys' fees, and that these limits on Section 432.7 preclude Section 432.7 from being the basis for a wrongful termination in violation of public policy claim. *See* Amtrak Statement at 1–2 (citing *Faria v. San Jacinto Unified Sch. Dist.*, 50 Cal. App. 4th 1939, 1946, 1948 (1996)). Amtrak also requests that if Peterson moves for summary judgment on the wrongful termination in violation of public policy claim based on arguments not grounded in Section 432.7—including the constitutional right to privacy, right to self-defense, second amendment rights, due process and equal protection rights, all of which Peterson briefly argued in the Summary Judgment Motion—that Amtrak be given an opportunity to respond. *See* Amtrak Statement at 2.

Peterson's concurrently filed response argued that the wrongful termination in violation of public policy claim is derivative of the Section 432.7 claim and therefore summary judgment should be granted. *See* Peterson Statement. Peterson also noted that if the Court does not grant summary judgment on this basis, Peterson reserves the right to raise the other arguments mentioned above. *See id.*

In *Dutra*, a California Court of Appeals held that California Labor Code Section 132a, a statute not at issue here, cannot form the basis for a wrongful termination in violation of public

policy claim. *See Dutra*, 209 Cal.App.4th at 925–26. *Dutra* explained that "the common law cause of action cannot be broader than the constitutional provision or statute on which it depends," noted that Section 132a "establishes a specific procedure and forum for addressing a violation" and "limits the remedies that are available once a violation is established," and therefore concluded that a tort claim based on Section 132a is impermissible because it would be broader than the specific relief authorized by Section 132a. *See id. Dutra* based this on the Supreme Court of California's holding in *City of Moorpark v. Superior Ct.*, which, per the *Dutra* court, articulated a test for "whether a particular policy can support a common law wrongful termination claim." *See id.* (citing *City of Moorpark v. Superior Ct.*, 18 Cal. 4th 1143, 1159 (1998)). The *City of Moorpark* court held that for a policy to support a common law wrongful termination claim, the policy must be "(1) delineated in either constitutional or statutory provisions; (2) 'public' in the sense that it 'inures to the benefit of the public' rather than serving merely the interests of the individual; (3) well established at the time of the discharge; and (4) substantial and fundamental." *City of Moorpark*, 18 Cal. 4th at 1159. Further, the court held that "when the constitutional provision or statute articulating a public policy also includes certain substantive limitations in scope or remedy, these limitations also circumscribe the common law wrongful discharge cause of action." *Id.*

Amtrak argues that Section 432.7 limits the remedies available, similar to Section 132a. *See* Amtrak Statement. Amtrak cites *Faria*, which held that remedies under Section 432.7 are different for employees than they are for job applicants, and employees may only recover "actual damages," but not "treble damages and attorney's fees." *See Faria*, 50 Cal.App.4th at 1948.

The Court finds that while Section 432.7 may have some limits on an employee's recovery, these limits are significantly different from the limits in Section 132a, which the *Dutra* court analyzed. Crucially, Section 132a "establishes a specific procedure and forum for addressing a violation." *See Dutra*, 209 Cal. App. 4th at 756. Claims under Section 132a "are to be instituted by filing an appropriate petition with the appeals board," rather than brought as tort claims, and the "appeals board is vested with full power, authority, and jurisdiction to try and determine finally all matters specified in this section subject only to judicial review." Cal. Lab. Code § 132a(d). Section 432.7 contains no such limits—it does not require filing before any appeal board or similar body and

allows plaintiffs to bring tort claims for violations. *See* Cal. Lab. Code § 432.7. For this reason, whether Section 432.7 may form the basis of the wrongful termination in violation of public policy claim is not controlled by *Dutra*.[2]

To determine whether Section 432.7 can form the basis of a wrongful termination claim, the Court will use the test from *City of Moorpark* described above: Section 432.7 must be "(1) delineated in either constitutional or statutory provisions; (2) 'public' in the sense that it 'inures to the benefit of the public' rather than serving merely the interests of the individual; (3) well established at the time of the discharge; and (4) substantial and fundamental." *See City of Moorpark*, 18 Cal. 4th at 1159. Viewed through this lens, the Court finds that Section 432.7 may support a wrongful termination in violation of public policy claim. It is delineated in statute, it serves the public as a whole by preventing discrimination against those wrongfully accused of crimes, it was established at the time of Peterson's discharge, and it is substantial and fundamental.[3] *See id.* Thus, Section 432.7 may form the basis of a tort claim for wrongful termination. *See id.* The only limit is that the remedies for the wrongful termination claim may not be broader than the remedies available under Section 432.7. *See id.* ("when the constitutional provision or statute articulating a public policy also includes certain substantive limitations in scope or remedy, these limitations also circumscribe the common law wrongful discharge cause of action").

Amtrak raised no other arguments as to why summary judgment should not be granted on the wrongful termination claim. Having found that Section 432.7 may for the basis for a wrongful termination claim and, having found that Amtrak violated Section 432.7 in terminating Peterson, the

---

[2] The Court also notes that at least one federal district court has questioned whether *Dutra* properly applied *City of Moorpark* in concluding that Section 132a cannot form the basis of a tort claim. *See Ramirez v. Saia Inc.*, No. 2:14-CV-04590-ODW, 2014 WL 3928416 (C.D. Cal. Aug. 12, 2014). The Court need not reach this question, because *Dutra* is distinguishable.

[3] The *City of Moorpark* court did not lay out a full test for what constitutes a "substantial and fundamental" public policy, but held that policies against disability discrimination qualify as substantial and fundamental. *See City of Moorpark*, 18 Cal. 4th at 1160. Here, the Court finds that Section 432.7's prohibition on certain forms of discrimination against those wrongfully accused of crimes is similarly substantial and fundamental. Amtrak has not argued otherwise.

Court hereby GRANTS summary judgment to Peterson on his second cause of action for wrongful termination in violation of public policy.

As discussed above, the remedies available for the wrongful termination cause of action based on the policy outlined in Section 432.7 may not be broader than those available under Section 432.7. *See City of Moorpark*, 18 Cal. 4th at 1159. The Court makes no finding on what remedies are available under Section 432.7,[4] as the parties have not briefed this issue and Peterson has not moved for summary judgment on the issues of damages or other remedies. The Court's order here is only that Amtrak is liable under Peterson's second cause of action based on the theory that Peterson's termination violated the public policy in Section 432.7.

Having found that summary judgment shall be granted to Peterson on the second cause of action, the Court agrees with Peterson that it need not reach Peterson's other arguments as to why his termination may have violated public policy. Peterson Statement ("[T]he adjudication of these alternative public policies is currently moot.")

V. **Conclusion**

For the reasons stated herein, the Court hereby GRANTS summary judgment to Peterson on his second cause of action for wrongful termination in violation of public policy.

IT IS SO ORDERED.

Dated: October 10, 2023

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

---

[4] Although the Court referenced *Faria* and its holding that an employee discharged in violation of Section 432.7 may only win actual damages, the Court is not holding here that *Faria* is binding law or adopting *Faria*'s holding. *See Faria*, 50 Cal.App.4th at 1948. The Court makes no finding on what damages Peterson may win on his Section 432.7 claim, as this issue is not before the Court.

9